6   429|
30   615

## MARTIN YANEZ *v.* THE STATE.

1. PRACTICE. — The manner of conducting the examination and cross-examination of witnesses must necessarily be left, in a great measure, to the discretion of the judge of the court below, and his action will be presumed correct, in the absence of a showing to the contrary.  The bills of exception should set out such facts as show an arbitrary assumption of authority by the judge, or the portions of testimony upon which defendant was deprived of his right of cross-examination, in order to enable this court to act advisedly.  Otherwise, this court cannot attempt a revision.

2. JURY. — The accused neither challenged the array of the jury nor any particular jurors, but accepted the jury to try his case  After verdict against him he moved for new trial on grounds impeaching the qualifications of jurors.  *Held*, that by accepting the jury he waived any right he may have had to impeach its organization, and could not do so in a motion for new trial.

3. SAME. — See the opinion for distinction drawn between this case and *Lyles v. The State*, 41 Texas, 172, wherein the court below was held to have erred

in overruling defendant's motion to reject all jurors who did not understand the English language.

4. NEW TRIAL. — An application for a new trial on account of newly discovered evidence must not only show that diligence was used by the defendant to obtain his testimony, but must negative the idea that the testimony alleged to be newly discovered was known to him before trial; and must make it further appear that the testimony is not only material, but admissible.

APPEAL from the District Court of Cameron. Tried. below before the Hon. J. C. RUSSELL.

The indictment charged the defendant with an assault with intent to murder one Julian Escobedo.

The proof for the State shows that both the defendant and Escobedo, before the assault, sustained criminal relations with a woman known as Manuela Salazar, and that, a few days prior to the assault, they had a difficulty about her. On the evening before the difficulty, the two parties met and had a settlement, both expressing themselves satisfied, and both expressing sentiments of renewed friendship. Defendant, on his way home from the meeting, met a witness, to whom he spoke of the settlement, and expressed himself satisfied. About two o'clock, A. M., following this reconciliation, defendant came to the house of Escobedo, and, without going in, called him up from bed, saying that he had some thing to say to him. Escobedo went out, and, after the parties had walked some seventy-five yards from the house, defendant remarked that he was not satisfied with the settlement, and, drawing a " machete " from under his left arm, inflicted a wound upon Escobedo's head which confined him to the bed and house for two months or two months and a half. Escobedo denied having threatened to chastise or kill the defendant.

A single witness testified for the defence. He testified that, shortly before the assault, he had a conversation with Escobedo about his and defendant's relations with the woman Salazar, in which he advised Escobedo, who was a married man with a family, to drop both the previous diffi-

culty with the defendant and his relations with the woman.
Escobedo simply replied that he would show the defendant
and the woman how to make a " cabron " out of him.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, J.   This case is an appeal from a judgment of
conviction for an assault with intent to murder, wherein
appellant's punishment is assessed at two years in the pen-
itentiary.

The first bill of exceptions complains that the court,
during the cross-examination of the principal State's wit-
ness, stopped the examination, and ruled that it should pro-
ceed no further.   The explanation given by the court for
its action is, that the defendant's counsel had asked the
same questions repeatedly, and the court refused to have
them again repeated.

The mode and manner of conducting the examination of
witnesses on a trial is, and must necessarily be, left in a
great measure to the discretion of the judge presiding.   1
Greenl. on Ev., sect. 431.   His action will be presumed
correct, in the absence of showing to the contrary.   The
bill of exceptions should set out such facts as show an
arbitrary, dogmatical assertion of authority in the exer-
cise of his discretion by the judge, or the portions of testi-
mony upon which defendant was deprived of his right of
cross-examination, so that this court may be able to see, if
at all, how far the defendant's rights were likely to have
been prejudiced by the action.   Without such a showing,
this court could not act advisedly in attempting to revise
the ruling, and would not feel authorized to attempt it.

The first ground of defendant's motion for a new trial is,
substantially, that some of the jurors who tried the case
were Mexicans who did not understand the English lan-

guage, and could neither read nor write; that they did not understand the charge of the court; and, had they done so, would not have consented to the verdict rendered, but would have found defendant guilty of an aggravated assault. Affidavit of these jurors is appended to, and presented in support of this ground of the motion.

It does not appear that the accused either challenged the array of the jury, or any particular jurors, but accepted the jury as empanelled. Nor does it appear that defendant did not know of these supposed disqualifications of the jurors at the time he accepted them. He certainly had the right to have their legal qualifications fully tested, under the statute (Acts 15th Leg. 83, sect. 26); and there is nothing in the record to show that this right was not accorded him. Having accepted them, he will be held to have waived his right to impeach the organization of the jury, and he could not do so in a motion for a new trial, or in arrest of judgment. *Buie* v. *The State*, 1 Texas Ct. App. 452; *Hasselmeyer* v. *The State*, 1 Texas Ct. App. 690.

In *Lyles* v. *The State*, 41 Texas, 172, where this subject is discussed, the defendant, *in limine*, moved the court to permit no one to act as a juror who did not understand the English language, which motion was overruled, and nine jurors laboring under this disability were put upon him. Defendant promptly excepted, and it was held that the court erred. In this case, the defendant has placed himself in no attitude to have the matter inquired into or revised. True, he reserved a bill of exceptions to the overruling of his motion for new trial, but that fact — allowing a bill of exceptions to the ruling — was not an admission of the truth of the existence of the grounds upon which the motion was based, but simply admitted and certified the specific fact, alone, that the motion had been overruled. *Smith* v. *The State*, 4 Texas Ct. App. 626; *Marshall* v. *The State*, 5 Texas Ct. App. 273.

As to the other ground of the motion for new trial, — to

wit, the newly discovered evidence, — no diligence is shown on the part of the defendant to discover it, nor do the affidavits negative the idea that the testimony was known to the defendant before the trial. Besides, we are of opinion that the testimony sought would have been not only immaterial, but was wholly inadmissible.

The charge of the court, as given, is a sufficient exposition of the law applicable to the facts, and no error is seen in the refusal to give the special instructions requested for defendant.

The judgment of the lower court is affirmed.
*Affirmed.*